**Opinion filed May 30, 2024**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-24-00062-CV

_____

## IN THE INTEREST OF J.C.J.-K., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-23-017-PC**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother of J.C.J.-K.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2023).  The mother filed a notice of appeal.  We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal presents no arguable issues and is therefore frivolous and without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced.  *See In*

---

[1]The trial court also terminated the parental rights of the unknown father.  No appeal has been filed on the unknown father's behalf.

*re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

Appellant's counsel provided Appellant with a copy of the brief and the motion to withdraw, along with copies of the reporter's record and clerk's record. Counsel also informed Appellant of her right to review the record and file a pro se response to counsel's brief. We conclude that Appellant's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 406–409; *see also Anders*, 386 U.S. at 744.

We note that Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the appeal is frivolous. However, in light of *P.M.*, we must deny the motion to withdraw that was filed by Appellant's court-appointed counsel. *See P.M.*, 520 S.W.3d at 27.

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.

W. BRUCE WILLIAMS

May 30, 2024                    JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2